The Ch.ef Justice
delivered the opinion.
This was a bill m chancery, filed by Walton against Fretwell and others, in which he alledges that William Harris, deceased, by bis will devised a part of his estate, as a loan for life, to his daughter, and directed it, upon their deaths, to pass to their children in fee ; that Fret-well intermarried with one of Harris’s daughters, to whom was assigned, as her part of the estate under her father’s will, four slaves and some personal estate, that she has since died, leaving four children, a son and two daughters by a former husband, and one daughter by Fretwell ; that the three daughters have married, one of whom and the husband have died, leaving infant children, and that he has purchased of the son and the husband of one of the daughters, all their interest devised to them by the testator.
He makes Fretwell, in whose possession the slaves have remained since the death of bis wife, and all the co-tenants, as well those from whom he purchased as the others, defendants, and he prays for a division of the estate and the *520 allotment of his proportion to him, and that Fretwell may ke compelled to account for the hire of the slaves.
if a suit in chancery is prcpared against one teg’la'r tóVry the cause, as to the w^íom^iHs1*1 prepsi’i; the court may give fether pareordis-miss the bill cretion*r it they dismiss, it he without
late court has a peals for dis missirg and m the divided cos's, but clone^ oni^n esses where no objection low "and to a case where the ap-rnsb'ed on the only per.decree,in suca caseap-pav casts.
Fretwell appeared and answered, but Done of the other defendants appeared nor were any of them served with process requiring them to appear. Against two of them there had been an order to advertise, andan order was ma(je appointing a guardian to defend for the infant children °f the deceased daughter of Mrs. Fretwell, but no farther steps appear to have been taken in pursuance orders.
*n l*lis staíe l^e ca9e 811'1 WaS ^earJ as to Fret-well, but before the final decree was pronounced, Walton, his counsel, offered to dismiss the bill, but the court re-to let him do so. He then moved the court to dismiss the bill without prejudice, but the court overruled the motion and dismissed the bill absolutely, and from that jecree Walton has appealed to this court,
It is not necessary in this case to decide the general question propounded at the bar, whether, where a suit in is regularly prepared for trial, the complainant may, as a matter of right, after the cause has been heard, his bill. For as the other defendants were, unquestionably, necessary parties, and the cause was not in a to be tried, as to them, it is obvious, according to the repeated decisions of this court, that it was irregu-f0 (he cause, as to Fretwell. The court, for the tn not preparing the cause, as to the other defendants, might, in its discretion, have either giv-him farther time to do so or dismissed his bill, but the ,]jsin’,ssion should have been without prejudice, for in all where a bill is dismissed because the cause is not in a situation to be finally beard upon the merits, the dis-should be without prejudice Tbc court therefore erred in dismissing the bill absolutely, and far that cause the decree must be so far reversed. In such cases this ’ having a discretion over the costs, have, in general, cacil party lo Pay his own costs, but that has been done only in those cases where no objection was made ¡n (¡le cour( below to the mode of entering the decree, and as VFalton, in this case, insisted upon the decree being in, the only wav in which the court could have property entered it the case does not come within the rea-op those cases, and we think, therefore, that Walton should recover his costs in this court.
Crittenden for appellant, Clay contra.
The decree must be reversed with costs, and the cause remanded, that af decree may be entered dismissing the bill without prejudice.